**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| CURTIS THROWER, | : | |
| Plaintiff, | : | Civil No. 10-2909 (FSH) |
| v. | : | |
| LIEUTENANT HONEY SPIRITO, et al., | : | **OPINION** |
| Defendants. | : | |

**APPEARANCES**:

    CURTIS THROWER, Plaintiff pro se
    Inmate # 088575
    Monmouth County Correctional Institution
    1 Water Works Road
    Freehold, New Jersey 07728

**HOCHBERG**, District Judge

    Plaintiff, Curtis Thrower, a state inmate presently confined at the Monmouth County Correctional Institution in Freehold, New Jersey, at the time he submitted this Complaint for filing, seeks to bring this action in forma pauperis. Based on his affidavit of indigence, the Court will grant plaintiff's application to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a)(1998) and order the Clerk of the Court to file the Complaint.

    At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to

state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that the Complaint should be dismissed with prejudice.

## I.    BACKGROUND

Plaintiff, Curtis Thrower ("Thrower"), brings this civil action, pursuant to 42 U.S.C. § 1983, against the following defendants: Lieutenant Honey Spirito, Hudson County Prosecutor's Office Sex Crime Unit; Detective Maria Dargen, Hudson County Prosecutor's Office Sex Crime Unit; the Hudson County Prosecutor's Office Sex Crime Unit; and Jane and John Does of the Hudson County Prosecutor's Office Sex Crime Unit.  (Complaint, Caption and ¶¶ 4b and 4c).  The following factual allegations are taken from the Complaint.

Thrower alleges that, on July 31, 2009, while confined at the Hudson County Correctional Center ("HCCC"), he was sexually assaulted by an unknown male.  Thrower reported the incident to a correctional officer, and was taken to the medical department for treatment and to be sent for a sexual assault examination.  A nurse at the HCCC medical department contacted the Hudson County Prosecutor's Office to report the alleged sexual assault.  When Thrower was taken to Christ Hospital for a sexual assault examination, the Hudson County Prosecutor's Sex Crime Unit was

notified. However, according to Thrower's Complaint, no investigator or police officer came to interview him. (Compl., ¶ 6).

Thrower alleges that defendant Spirito was notified about the assault, but did nothing because the assault did not involve an officer. After Thrower's family contacted the Prosecutor's Office and threatened a lawsuit, Thrower was interviewed by defendants Spirito and Dargen on September 8, 2009. At that time, Spirito told plaintiff that because the assault did not involve an officer, the Prosecutor's Office does not get involved, and no one would be sent to the jail or hospital to interview plaintiff. Spirito also allegedly stated that she did not have the manpower to send an investigator, and that the HCCC Internal Affairs Unit would conduct an investigation. (Id.).

According to the allegations in this Complaint, Thrower alleges that the Hudson County Prosecutor's Sex Crime Unit did nothing to catch the alleged rapist. They did not collect any evidence from the rape site, did not speak to any inmates in the unit, and did not view the DVD that allegedly showed the rapist and the place where the rape took place. Further, plaintiff's clothing and underwear were not retrieved for DNA analysis to identify rapist. (Id.).

Thrower states that defendants Spirito and Dargen made plaintiff feel that he was being "overdramatic and that [he]

3

should have conducted [himself] in a manner that would not show [his] sexual orientation." (Id.). Thrower also alleges that the HCCC Internal Affairs Unit did not report the sexual assault or investigate the allegations. The Hudson County Prosecutor's Sex Crime Unit did not forward a sexual assault kit for examination until almost two months after the alleged assault; consequently, the kit was considered tainted. Thrower further alleges that defendants Spirito and Dargen attempted to cover up the incident because nothing was done until plaintiff filed his first lawsuit regarding the assault.[1] He claims that defendants "showed great deliberate negligence and should be held responsible for their unethical actions. Because of their unethical actions {plaintiff] now suffer[s] from great bounds of depression" and emotional damages. (Id.).

Thrower seeks over $7 million in punitive and compensatory damages. He also asks that policy and procedures be implemented for the Hudson County Prosecutor's Sex Crime Unit to follow in cases of sexual assaults at all New Jersey county jails.

---

[1] Thrower states that he filed a lawsuit in this federal court in August 2009, namely, Thrower v. Alvies, et al., Civil No. 09-4296 (FSH). That action was dismissed on October 14, 2010, by Opinion and Order entered by this Court, granting summary judgment in favor of all defendants. The action is currently on appeal. At the time that Thrower filed the instant action, on or about June 3, 2010, this earlier, related action was still pending.

This Court takes judicial notice of Thrower's earlier, related action, Thrower v. Alvies, et al., Civil No. 09-4296 (FSH), which he referenced in ¶ 2b of this instant Complaint. The earlier action involved the very same incident concerning the July 31, 2009 sexual assault.  Thrower named different defendants, and asserted claims that he was denied medical care, that the named defendants in that action retaliated against him for making a complaint about the alleged sexual assault, and that defendants failed to protect him.  (See Thrower v. Alvies, et al., Civil No. 09-4296 (FSH) at Docket entry no. 1, Complaint).

This Court notes that, although Thrower made allegations in the earlier action regarding the failure of defendants to investigate and take the sexual assault seriously, Thrower did not name the defendants in the instant action as defendants in the earlier action.  Plaintiff had an opportunity to amend his Complaint and name additional parties to the earlier lawsuit, as permitted under the February 16, 2010 Scheduling Order, Docket entry no. 38.  The Scheduling Order set forth an April 23, 2010 deadline for amending pleadings and joinder of parties.  A July 13, 2010 deadline was given for completion of discovery.  Thrower filed the instant Complaint on or about June 3, 2010, well after the joinder deadline had passed.  It does not appear that Thrower attempted to file a motion to amend his Complaint to add new defendants in his earlier action.

On October 14, 2010, this Court entered an Opinion in Thrower v. Alvies, et al., Civil No. 09-4296 (FSH), granting summary judgment in favor of defendants and dismissing the entire action. (See Docket entry no. 96). An Order was entered on October 22, 2010. (See Docket entry no. 97). In this Court's October 14, 2010, the Court found that Thrower was unable to sustain a retaliation claim because he had not offered evidence to support his allegation that the investigation into the alleged sexual assault was inadequate. The Court noted that the evidence showed that a detective from the Sex Crimes Unit had interviewed plaintiff, and that an investigator from the Sex Crimes Unit had reviewed the surveillance video, finding no evidence that Thrower had been assaulted. (See Thrower v. Alvies, et al., Civil No. 09-4296 (FSH), October 14, 2010 Opinion at pg. 11, Docket entry no. 96). Additionally, the Court observed that the nurse from Christ Hospital who did a rape examination found no signs of a sexual assault. (Id.).

This Court further noted in its October 14, 2010 Opinion that Thrower failed to show that the surveillance video of his cell and unit area on July 31, 2009 would establish that he was assaulted, and in fact, the video showed no assaults as alleged. (Id.).

II.   STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  This action is subject to sua sponte screening for dismissal under both 28 U.S.C. § 1915(e)(2)(B) an § 1915A.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  See also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

7

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). See also Erickson, 551 U.S. at 93-94 (In a pro se prisoner civil rights complaint, the Court reviewed whether the complaint complied with the pleading requirements of Rule 8(a)(2)).

However, recently, the Supreme Court revised this standard for summary dismissal of a Complaint that fails to state a claim in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009). The issue before the Supreme Court was whether Iqbal's civil rights complaint adequately alleged defendants' personal involvement in discriminatory decisions regarding Iqbal's treatment during detention at the Metropolitan Detention Center which, if true, violated his constitutional rights. Id. The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

8

Fed.R.Civ.P. 8(a)(2).[2]  Citing its recent opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court identified two working principles underlying the failure to state a claim standard:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice ... .  Rule 8 ... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief."  Fed. Rule Civ. Proc. 8(a)(2).

Iqbal, 129 S.Ct. at 1949-1950 (citations omitted).

The Court further explained that

> a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

---

[2] Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct.  No technical form is required." Fed.R.Civ.P. 8(d).

9

Iqbal, 129 S.Ct. at 1950.

Thus, to prevent a summary dismissal, civil complaints must now allege "sufficient factual matter" to show that a claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1948. The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. Id. at 1949-50; see also Twombly, 505 U.S. at 555, & n.3; Fowler v. UPMC Shadyside, 578 F.3d 203, 210(3d Cir. 2009).

Consequently, the Third Circuit observed that Iqbal provides the "final nail-in-the-coffin for the 'no set of facts' standard" set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957),[3] that applied to federal complaints before Twombly. Fowler, 578 F.3d at 210. The Third Circuit now requires that a district court must conduct the two-part analysis set forth in Iqbal when presented with a motion to dismiss:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [Iqbal, 129 S.Ct. at 1949-50].

---

[3] In Conley, as stated above, a district court was permitted to summarily dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Id., 355 U.S. at 45-46. Under this "no set of facts" standard, a complaint could effectively survive a motion to dismiss so long as it contained a bare recitation of the claim's legal elements.

> Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." [Id.]  In other words, a complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to "show" such an entitlement with its facts.  See Phillips, 515 F.3d at 234-35.  As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show [n]'-'that the pleader is entitled to relief.'"  Iqbal, [129 S.Ct. at 1949-50].  This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Fowler, 578 F.3d at 210-211.

This Court is mindful, however, that the sufficiency of this pro se pleading must be construed liberally in favor of Plaintiff, even after Iqbal.  See Erickson v. Pardus, 551 U.S. 89 (2007).  Moreover, a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility. See Grayson v. Mayview State Hosp., 293 F.3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 117 (3d Cir. 2000).

III. <u>SECTION 1983 ACTIONS</u>

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging a violation of his Eighth Amendment rights against cruel and unusual punishment. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Piecknick v. Pennsylvania</u>, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

IV. <u>ANALYSIS</u>

It appears that Thrower is asserting that his right to due process was violated by defendants because they failed to conduct an adequate investigation into plaintiff's allegation of a sexual assault allegedly occurring on July 31, 2009. This Court finds that plaintiff filed a related case, <u>Thrower v. Alvies, et al.</u>, Civil No. 09-4296 (FSH), on August 21, 2009, asserting similar claims about the identical incident of sexual assault, but the earlier case did not include the defendants named in this action.

Thrower made no attempt to amend his earlier action to include Lt. Spirito, Det. Dargen, or the Hudson County Prosecutor's Sex Crime Unit, as defendants. Moreover, this Court found in the earlier action, Civil No. 09-4296 (FSH), that there was no evidence to support plaintiff's claim that an investigation was not adequately conducted, or that a sexual assault had occurred as alleged.

Consequently, this Court finds that plaintiff's allegations against the defendants in the instant action fail to support his claim that defendants failed to investigate or acted in an unethical manner sufficient to rise to the level of a constitutional deprivation. The facts adduced during discovery in Thrower v. Alvies, et al., Civil No. 09-4296 (FSH), show that an investigation was conducted but no evidence was found to support plaintiff's claim that he was sexually assaulted. Further, in the present Complaint, Thrower attaches memoranda that show that an investigation was conducted by the named defendants, but no evidence of an assault was found. Accordingly, the Court will dismiss this Complaint, with prejudice as against all named defendants, for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

IV.  CONCLUSION

For the reasons set forth above, the Complaint will be dismissed with prejudice, in its entirety as against all named

defendants, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief may be granted. An appropriate order follows.

s/ Faith S. Hochberg
FAITH S. HOCHBERG
United States District Judge

Dated: December 14, 2010